479 F.2d 920
 83 L.R.R.M. (BNA) 2523, 156 U.S.App.D.C. 199,
71 Lab.Cas. P 13,658
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Local 272, International Association of Bridge, Structural
and Ornamental Iron Workers, AFL-CIO, Petitioner
v.
National Labor Relations Board, Respondent.
 72-1596.
 United States Court of Appeals, District of Columbia Circuit.
 May 11, 1973.
 
 Before BAZELON, Chief Judge, WISDOM*, and WILKEY, Circuit Judges.
 
 Order
 
 1
 This cause came on to be heard on a petition for review of an order of the National Labor Relations Board and was argued by counsel. On consideration of the foregoing, it is
 
 
 2
 Ordered and Adjudged by this Court that the petition for review is denied, and it is
 
 
 3
 Further Ordered that the cross-application for enforcement of the order of the National Labor Relations Board is granted for the reasons set forth in the attached memorandum.
 
 Memorandum
 
 4
 Section 8(b)(4) of the National Labor Relations Act makes it an unfair labor practice for a union to "induce any individual employed by any person ... to engage in ... a refusal in the course of his employment ... to perform any services ... where ... an object thereof is ... forcing or requiring any person ... to cease doing business with any other person." It is conceded by the petitioner that its dispute in this case was a labor dispute within the jurisdiction of the Board. The petitioner does not contend, nor could it, that its conduct fell outside the quoted language of section 8(b)(4); the Board found, with support in the record, that the union:
 
 
 5
 picketed Miller & Solomon with the object of causing a business disruption between it and the subcontractors on the project and any other employer with whom it was doing business.
 
 
 6
 Compare National Maritime Union of America v. NLRB, 346 F.2d 411 (2d Cir.) cert. denied, 382 U.S. 840 (1965).
 
 
 7
 Petitioner claims, however, that its conduct was exempted by the proviso contained in subsection 8(b)(4)(ii)(B), which states that nothing in the "object" clause of the section "shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing."
 
 
 8
 The picketing in this case was not "primary picketing." The dispute grew out of the respondent's disagreements with Sethro, and was extended to Miller and Solomon solely because Sethro closed its doors. As we said in Miami Newspaper Pressmen's Local No. 46 v. NLRB, 322 F.2d 405, 410 (1963), the purpose of section 8(b)(4) "was to confine labor conflicts to the employer in whose labor relations the conflict had arisen, and to wall off the pressures generated by that conflict from unallied employers." Both the letter and the spirit of section 8(b)(4) were violated in this case.
 
 
 9
 The petition for review is denied and the cross-application for enforcement is granted.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 291(a)